UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEPFONE LAVON JOHNSON,

    Plaintiff,

v.                                        Case No. 1:24cv127-AW-HTC

GAINESVILLE POLICE DEPARTMENT,

    Defendant.

_____/

ORDER
REPORT AND RECOMMENDATION

Plaintiff Stepfone Lavon Johnson initiated this action against unnamed officers of the Gainesville Police Department by filing a handwritten complaint with the Middle District of Florida. Doc. 1. The Middle District court transferred the matter to this Court because the events arose in this district. Doc. 3. Upon review, the undersigned concludes the matter should be dismissed on two independent bases.[1] First, Plaintiff failed to comply with orders of this Court. Second, Plaintiff failed to truthfully disclose his litigation history on the complaint form.

---

[1] When Plaintiff initiated this action, he was a pretrial detainee at the Alachua County Jail. Doc. 1. A pretrial detainee is considered a prisoner and is subject to the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §1915(h); *Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015) ("[T]he [PLRA] ... applies to both pretrial detainees and convicted prisoners."). Because Plaintiff is seeking relief against government officials, under the PLRA, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also*, §1915(e)(B)(ii) (requiring similar screening for plaintiffs seeking to proceed *in forma pauperis*).

On July 30, 2024, the Court instructed Plaintiff to, within twenty-one (21) days, (1) file an amended complaint on the Court's required complaint form or a notice of voluntary dismissal, and (2) either file a complete motion to proceed *in forma pauperis* or pay the $405.00 filing fee. Doc. 6. The Court advised Plaintiff that his failure to comply with the Court's Order could result in a recommendation that this case be dismissed. *Id.* After Plaintiff failed to comply with the July 30 Order, the Court gave Plaintiff another fourteen days to show cause why this case should not be dismissed for such failure. Doc. 8.

Plaintiff has since filed an amended complaint, Doc. 9, and an "affidavit of financial status," Doc. 10.[2] To the extent the affidavit of financial status is an attempt by Plaintiff to file a motion to proceed *in forma pauperis*, it is deficient, and Plaintiff failed to comply with the Court's August 27, 2024 Show Cause Order, Doc. 8. Specifically, Plaintiff did not use the form motion required by the Court *and* which the clerk sent to the Plaintiff to use to apply for *in forma pauperis* status. Thus, as an initial matter, Plaintiff's case should be dismissed under Federal Rule of Civil Procedure 41(b). *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802

---

[2] It appears from the affidavit that Plaintiff may have been released from custody since he filed this suit. The clerk will, therefore, be directed to send a copy of this Order and Report and Recommendation to the address Plaintiff identifies as his residence. *However*, it is Plaintiff's obligation to notify the Court of changes to his address within seven (7) days of a change and, thus, the clerk will not change the Plaintiff's address on the docket without a notice of change of address from Plaintiff and future orders from the Court will be sent to only one location – the location identified on the docket.

(11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

Additionally, the Court has reviewed Plaintiff's amended complaint and finds that Plaintiff failed to truthfully disclose his litigation history in the amended complaint, which serves as a second and independent ground for dismissal. The complaint form asks Plaintiff to disclose his litigation history under Section VIII. Doc. 9. Specifically, subsection B asks whether Plaintiff has filed any "other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case." Doc. 9. Additionally, subsection C asks Plaintiff whether he has filed "any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement." Doc. 9. In response to both questions, Plaintiff answered "NO."

Based on the Court's independent review, the Court takes judicial notice that on August 15, 2024, Plaintiff initiated a lawsuit in the Middle District of Florida, *Johnson v. Officer B. Zayas, et al.*, 5:24cv428-TPB-PRL (M.D. Fla.).[3] That case

---

[3] A review of the docket in that case—and more specifically, Doc. 6—indicates that the court identified the handwritten document Plaintiff mailed as a "complaint." Additionally, the court

involves the same facts or issues as the instant case and challenges the conditions relating to Plaintiff's confinement. Plaintiff signed and certified the truthfulness of the complaint form in this case on August 27, 2024—and thus should have disclosed the Middle District case.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards—namely, veracity. This Court will not tolerate false responses or statements in any pleading or motion as such responses threaten the quality of justice. Without penalty, Plaintiff would have little disincentive for further malfeasance. An appropriate sanction for Plaintiff's dishonesty is dismissal without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

---

required Plaintiff to submit an "amended complaint" on the proper forms and warned Plaintiff that failure to do so could result in a recommendation for dismissal. *Id.* The Court also notes that Plaintiff initiated this action by filing a similar handwritten document and subsequently submitted an amended complaint, once directed to use this Court's forms.

As another judge from this District stated in a similar ruling, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is ORDERED:

1. As a matter of courtesy only, the clerk shall also send a copy of this Order and Report and Recommendation to Plaintiff at 413 South Main Street, Gainsville, Florida 32601. The clerk, however, shall not change Plaintiff's address on the docket until the clerk receives a notice of change of address from Plaintiff.

2. Plaintiff shall file a notice of change of address with the Court if his address has changed from the Alachua County Jail.

It is also RECOMMENDED:

1.	That this case be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failing to obey a court order or otherwise prosecute and as malicious under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process by failing to truthfully disclose his litigation history.

2.	That the clerk close the file.

At Pensacola, Florida, this 13th day of September, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 1:24cv127-AW-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:24cv127-AW-HTC